Case 4:26-cv-01276   Document 6   Filed 02/26/26 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HOLMAN BAUTISTA GUTIERREZ, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-26-1276 |
| § | |
| WARDEN, Houston Contract Detention § | |
| Facility, *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER**

The petitioner, Holman Bautista Gutierrez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Houston Contract Detention Facility. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention. (Docket Entry No. 1). The Fifth Circuit recently held that 8 U.S.C. § 1225(b) applies to petitioners like Bautista Gutierrez and that the respondents may detain him without bond. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

This court has held that petitioners like Bautista Gutierrez are entitled to a bond hearing because they are members of a class that was certified in a case in which a final judgment has been entered. *See, e.g.*, *Montoya Cabanas v. Bradford*, Civil Action No. 26-32, ECF No. 12 (S.D. Tex. Jan. 18, 2026); *Godoy Reyes v. Bradford*, Civil Action No. 26-541, ECF Nos. 13, 15 (S.D. Tex. Feb. 17, 2026). A district court in the Central District of California certified a nationwide class action and entered a final judgment declaring that the class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Noem*, No. 5:25-CV01873-SSS- BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). "The

Fifth Circuit's rejection of the petitioner's statutory argument would ordinarily bind this court. But the preclusive effect of the earlier class-action judgment requires this court to apply the petitioner's interpretation of the statute." *Godoy Reyes*, ECF No. 15 at 2.[1]

The petitioner "is entitled to the preclusive force of the declaration that 'Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2).'" *Montoya Cabanas*, ECF No. 12 at 6 (quoting *Maldonado Bautista*, 2025 WL 3678485, at *1). The respondents must provide the petitioner with a bond hearing under § 1226(a) that results in a ruling on the merits by **March 5, 2026**, or release him. The parties are to update the court on the status of the petitioner no later than **March 9, 2026**. The motion for summary judgment (Docket Entry No. 5) is **denied** and Bautista Gutierrez's petition for a writ of habeas corpus is **granted in part**.[2]

SIGNED on February 26, 2026, at Houston, Texas.

	Lee H. Rosenthal
	Senior United States District Judge

---

[1] Despite the court's Order to Answer specifically instructing the respondents to "explain why the petitioner is not entitled to the preclusive effect of the class-action ruling in *Maldonado Bautista*" (Docket Entry No. 4 at 2) the respondents failed to do so.

[2] The petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*See* Docket Entry No. 1). The request is denied because "the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023) *cert. denied*, 144 S. Ct. 553 (2024).